**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| QUINT MEASURING | : | |
| SYSTEMS, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | FILE NO.  1:10-CV-01963-JOF |
| v. | : | |
| | : | |
| HOME DEPOT U.S.A., INC., | : | |
| WILLIAM D. BASTEK, AND | : | |
| JAMES ARDELL | : | |
| | : | |
| Defendants. | : | |

<u>**AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**</u>

Plaintiff Quint Measuring Systems, Inc. and defendants Home Depot U.S.A., Inc., William D. Bastek, and James Ardell submit this Amended Joint Preliminary Report and Discovery Plan in accordance with Fed. R. Civ. P. 26(f), which the parties have updated to address Defendant Ardell's inclusion in the case.  The Amended Joint Preliminary Report and Discovery Plan does not request any substantive changes from the initial Joint Preliminary Report and Discovery Plan previously entered by the Court.

791365.1

**1.      Description of Case:**

**(a)      Describe briefly the nature of this action.**

Quint Measuring Systems, Inc. ("Quint") is a former Home Depot U.S.A., Inc. ("Home Depot") supplier.  William D. Bastek is a current Home Depot employee, responsible for Home Depot's relationship with Quint.  James Ardell is the principal of Ardell Sales & Consulting, Inc., a company Quint hired to provide consulting services in connection with its sales to Home Depot.  Quint's First Amended Complaint alleges ten counts against Home Depot, Bastek, and Ardell, including among others, claims for breach of contract, fraud, breach of fiduciary duty, and negligence.

**(b)      Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

(i) The Facts As Contended by Plaintiff:

QMS is a California based company which manufactures and produces products related angle making and the installation of crown molding and trim. QMS products include the award winning True Angle® Tool and publication of the Crown Molding and Trim – Install It Like A Pro! book series.  QMS had been a top tier supplier to Home Depot for ten (10) years.  QMS is a small, family owned business that enjoys an excellent reputation in the hardware supply

791365.12

industry.   In addition to its own proprietary products, QMS also serves as a distributor of other manufacturers' products to hardware stores.

This case addresses the purposeful devaluation of QMS products by a Home Depot insider to cause QMS products to be removed from Home Depot.   The relationship between QMS and Home Depot is governed by a Supplier Buying Agreement and is a contract between QMS and Home Depot.   There are various other documents incorporated by reference into the Supplier Buying Agreement. At its core, Home Depot agreed to accept shipments of QMS products and market those products to consumers in Home Depot retail outlets.   Throughout the relationship Home Depot proved a difficult partner and often made demands upon its suppliers which were arbitrary and costly.   For example, in 2005 Home Depot mandated suppliers, including QMS, pay five percent (5%) of their gross monthly sales in exchange for Home Depot hiring employees to maintain QMS stock and set up product displays.   These sums were directly deducted from QMS sales; however, the services to be provided by Home Depot were quickly discontinued. QMS and all other suppliers were still and are still required to pay five percent (5%) of their gross monthly sales for services that have been discontinued.   When this issue was raised with Home Depot, suppliers were told it was the cost of doing business with Home Depot.

791365.13

In 2006, shortly after being promoted to a Global Buyer position, Mr. Bastek unilaterally discontinued the QMS product line.  Mr. Bastek was new to his position and authority and sought to establish a larger provider in the QMS Home Depot molding niche.  Mr. Bastek's actions were quickly addressed by a Home Depot executive and QMS was immediately reinstated based on its strong sales and performance as a supplier.  It was shortly after this incident Mr. Bastek began slowly manipulating the ordering and stocking of QMS products to artificially create the appearance of a drop in product performance.  Mr. Bastek and a consultant working directly with Mr. Bastek withheld essential information from QMS and its employees related to the marketing and stocking of QMS products. Mr. Bastek actively deceived QMS which ultimately resulted in over $3,000,000 in losses while QMS was an approved supplier with products in Home Depot.  The net effect of Home Depot's complete removal of QMS products from Home Depot, and importantly the Home Depot distribution network, has and will result in many more millions of dollars in losses to QMS.

Ultimately, QMS through careful and deliberate investigation confirmed the actions of Mr. Bastek and Mr. Ardell and provided the information to Home Depot executives at the invitation of Home Depot.  Almost immediately after the delivery of the investigation findings Home Depot removed all QMS products.  Further, the

791365.14

vast stock piles of products ordered by Mr. Bastek, and not placed on store shelves for sale at his direction, were destroyed.  QMS has tirelessly attempted to resolve this issue with Home Depot prior to hiring counsel.

(ii) The Facts As Contended by Defendants:

Defendant Home Depot is a leading home-improvement retailer.  Co-defendant Billy Bastek is a Home Depot employee who, at all relevant times, was Home Depot's merchant (or buyer) for the hand tools category.  James Ardell, the third defendant, is a former Home Depot employee who now owns and operates a sales consulting firm.  For several years, Home Depot purchased products from Quint, including tools and books for installing crown molding. Home Depot's business relationship with Quint was governed by a contract, the Supplier Buying Agreement ("SBA").  Quint's business relationship with Mr. Ardell also was governed by a written agreement.

From 1999 until 2007, Home Depot sold Quint products in approximately 500 of its West-coast stores.  After Mr. Bastek became Home Depot's merchant for the hand tools category, he slated Quint's products for removal from Home Depot stores because they were not uniformly marketed or displayed in the stores that stocked them.  After Quint contacted Mr. Bastek, however, he worked to find a consistent home for Quint's products for the 500 Home Depot stores that stocked

791365.15

the products by placing Quint's products into the hand tools Plan-o-Gram.  Mr. Bastek believed that having an established and consistent home for a product on the Plan-o-Gram allows for better, more consistent marketing that delivers measurably better sales.

During or about May 2006, Quint contacted Mr. Ardell to work as an independent contractor for Plaintiff specifically with respect to Plaintiff's vendor relationship with Home Depot.  Mr. Ardell is the owner of Ardell Sales & Consulting, Inc., a business that Mr. Ardell started after leaving Home Depot's employ on October 31, 2004, based upon his prior experience and insights as a Buyer for Home Depot.  Mr. Quint indicated to Mr. Ardell that he wished to retain Mr. Ardell as a sales consultant because of Mr. Ardell's knowledge about Home Depot's buying practices.  Mr. Ardell further understood from Mr. Quint that Plaintiff's products were then sold only on the West Coast, and Quint primarily wanted assistance to expand its vendor relationship with Home Depot to the next level and, in particular, to expand its product line into Home Depot locations in other parts of the United States.

In 2007, Mr. Bastek added the Quint products to an additional 400 Home Depot stores.  Quint was aware of the plans for this expansion as demonstrated by, *inter alia*, email correspondence among Mr. Quint, Mr. Ardell and Mr. Bastek

791365.16

during or about December 2006 and January 2007.  Other objectives desired by

Quint, such as having its products placed at various points throughout a single

Home Depot store, were not feasible under Home Depot's then-current marketing

formats and product placement policies.  Mr. Ardell attempted to explain to Mr.

Quint, on numerous occasions, what was permissible under Home Depot's policies

and the terms of Plaintiff's supply contract with Home Depot.  By August 2007,

Mr. Qunit was no longer pleased with Mr. Ardell's services as a sales consultant,

and Quint fired Mr. Ardell pursuant to the agreement between them.

 At a 2008 Home Depot supplier diversity meeting attended by numerous

Home Depot vendors, Quint's owner, Richard Quint, criticized Mr. Bastek for

supposedly neglecting Quint's products and ignoring his phone calls.  After this

meeting, several Home Depot executives met with Mr. Quint to address his

concerns.  Instead of working with Home Depot to resolve whatever issues may

have existed, Mr. Quint repeated his attacks on Mr. Bastek.  Indeed, at that

meeting, Mr. Quint expressed his desire to physically attack Mr. Bastek.  In the

months that followed the meeting, Mr. Quint became increasingly difficult to deal

with.  In March 2009, Mr. Quint sent a letter to a member of Home Depot's board

of directors, Home Depot's CEO, and the head of merchandising accusing Home

Depot, Mr. Bastek, and Mr. Ardell of violating  unidentified Home Depot

791365.17

corporate governance policies.  After concluding that Quint's accusations were unfounded and that it was no longer in Home Depot's interests to do business with Quint, Home Depot informed Quint that it would stop purchasing its products for sale in Home Depot stores.

   **(c)     The legal issues to be tried are as follows:**

         (i)  The Legal Issues To Be Tried As Contended by Plaintiff:

   Plaintiff has opposed the motions to dismiss filed by the Defendants.  The legal issues to be tried relate to Plaintiff's claims of breach of contract, breach of fiduciary duty, fraud, tortious interference with business relations/opportunities, violations of the Georgia Fair Business Practices Act, the failure to properly train and supervise Defendant Bastek and Plaintiff's damages.

         (ii)  The Legal Issues To Be Tried As Contended by Defendants:

   It is the Defendants' position that there are no issues to be tried in this case and that Quint's First Amended Complaint fails to state a claim as a matter of law as demonstrated in the Defendants' pending motions to dismiss under Fed. R. Civ. P. 12(b)(6).  Nevertheless, Home Depot and Mr. Bastek state that the issue to be tried, if any, is whether Home Depot violated any term of the SBA.  Mr. Ardell states that the issue to be tried is whether he made any negligent misrepresentation,

and whether he engaged in any act in furtherance of any purported conspiracy with

Mr. Bastek to injure Plaintiff's business.

    **(d)**    **The cases listed below (include both style and action number) are:**

        **(i)**    **Pending Related Cases:**  None known.

        **(ii)**    **Previously Adjudicated Related Cases:**  None known.

**2.**    **This case is complex because it possesses one (1) or more of the features listed below (please check):**

    ____ (1)    Unusually large number of parties
    ____ (2)    Unusually large number of claims or defenses
    ____ (3)    Factual issues are exceptionally complex
    ____ (4)    Greater than normal volume of evidence
    _X_ (5)    Extended discovery period is needed
    ____ (6)    Problems locating or preserving evidence
    ____ (7)    Pending parallel investigations or action by government
    ____ (8)    Multiple use of experts
    ____ (9)    Need for discovery outside United States boundaries
    ____ (10)    Existence of highly technical issues and proof

**3.**    **Counsel:**

The following individually-named attorneys are hereby designated as lead

counsel for the parties:

    Plaintiff:        Charles Hoffecker, Esq.
                       THE HOFFECKER LAW GROUP, P.C.

    Home Depot:    Ronan P. Doherty, Esq.
                       John H. Rains IV, Esq.
                       BONDURANT, MIXSON & ELMORE, LLP

791365.19

| | |
|---|---|
| Bastek: | Ronan P. Doherty, Esq. |
| | John H. Rains IV, Esq. |
| | BONDURANT, MIXSON & ELMORE, LLP |
| | |
| Ardell: | Kimberly L. Myers |
| | ROGERS & HARDIN LLP |

**4.     Jurisdiction:**

Is there any question regarding this court's jurisdiction?

___Yes          X  No

If "yes," please attach a statement, not to exceed one (1) page, explaining the

jurisdictional objection.  When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based.  Each objection should be

supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been

joined:  None known.

(b)     Plaintiff contends that no parties are improperly joined.  Defendants

Home Depot and William Bastek contend that Mr. Bastek is improperly joined

insofar as the First Amended Complaint fails to state any claim against him.

Defendant Jim Ardell similarly contends that he is improperly joined insofar as the

First Amended Complaint fails to state any claim against him, and because

Plaintiff's claims against him are required to be submitted to arbitration in

791365.110

California pursuant to the arbitration clause within the contract executed by Mr.

Quint as Chairman and CEO of Quint Measuring System, Inc. and by Mr. Ardell as

the President of Ardell Sales & Consulting, Inc.

(c)      The names of the following parties are either inaccurately stated or

necessary portions of their names are omitted:  None.

(d)      The parties shall have a continuing duty to inform the court of any

contentions regarding unnamed parties necessary to this action or any contentions

regarding misjoinder of parties or errors in the statement of a party's name.

**6.      Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the

time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions

regarding amendments are contained in LR 15.

(a)      List separately any amendments to the pleadings which the parties

anticipate will be necessary:

The parties do not anticipate any further amendments to the pleadings.

(b)      Amendments to the pleadings submitted LATER THAN THIRTY

(30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or

should have been filed, will not be accepted for filing, unless otherwise permitted

by law.

791365.111

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1(A)(2).

(a)     *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions:*  within twenty (20) days after close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions:*  Refer to Local Rules 7.2(A); 7.2(B), and 7.2(E), respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:*  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2(F).

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

791365.112

None of the parties objects to the service of the initial disclosures contemplated by Fed. R. Civ. P. 26 and this Court's Local Rules, and, at this time, initial disclosures have been filed and served by all parties.

**9.      Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

At this time, the parties do not request a scheduling conference with the Court.

**10.     Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2(A), responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

<u>Plaintiff's Statement as to Subjects on Which Discovery May Be Needed:</u>

Defendants' business practices as to Home Depot suppliers, Global Merchant duties, responsibilities and training, Global Merchant and outside consultant relations, Plaintiff's history and business with Defendants and all facts related to the claims as set forth in Plaintiff's Complaint.

<u>Defendants' Statement as to Subjects on Which Discovery May Be Needed</u>:

Defendants anticipate serving written discovery and taking depositions to ascertain the factual basis for any of Plaintiff's claims that survive Defendants' pending motion to dismiss.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

At this time, the parties request that the discovery period be extended to six (6)-months to accommodate the scheduling of depositions outside of Georgia.  At this time, the parties do not believe that discovery should be divided into to phases or limited or focused upon particular issues.

791365.114

**11.    Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

The discovery limitations set forth in Federal Rules of Civil Procedure and this Court's Local Rules shall apply.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties will request the Court to enter a Protective Order in this case to protect confidential and highly confidential information produced in discovery.

**13.    Settlement Potential:**

(a)    Counsel for Quint, Home Depot, and Mr. Bastek certify by their signatures below that they conducted an in-person Rule 26(f) conference on August 4, 2010.  In addition, lead counsel for those parties certify that they met in person and mediated this dispute before a mutually selected mediator on January 13, 2010 in accordance with the Supplier Buying Agreement between the parties. Further, a second Rule 26(f) conference was held telephonically on October 28, 2010, by counsel for Quint, Home Depot, Mr. Bastek and Mr. Ardell.  Despite those efforts, the parties have been unable to settle the dispute.  Persons who participated in the settlement discussions are listed according to party.

791365.115

For plaintiff:  Lead counsel (signature):

       /s/ Charles Hoffecker
       Charles Hoffecker

    Other participants:

       Richard Quint
       Carol Quint
       Quint Measuring Systems, Inc.

For defendants Home Depot and William D. Bastek:  Lead counsel (signature):

       /s/ Ronan P. Doherty
       Ronan P. Doherty

       /s/ John H. Rains IV
       John H. Rains IV

    Other participants:

       Komal Patel, Esq.
       William D. Bastek
       Home Depot U.S.A., Inc.

For defendant Jim Ardell (October 28, 2010, telephonic meeting):  Lead counsel (signature):

       /s/ Kimberly L. Myers
       Kimberly L. Myers

**(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

    (___) A possibility of settlement before discovery.
    ( X ) A possibility of settlement after discovery.

791365.116

(___)  A possibility of settlement, but a conference with the judge is needed.
(___)  No possibility of settlement.

(c)      Counsel (___) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.

**(d)     The following specific problems have created a hindrance to settlement of this case.**

None at this time.

## 14.   Trial by Magistrate Judge:

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

**(a)     The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.**

**(b)     The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.**

Respectfully submitted this 1st day of November, 2010.

By:

/s/ Charles Hoffecker
Charles Hoffecker
Georgia Bar No. 359615
Chad.hoffecker@hlglaw.net

/s/ John H. Rains IV
(*with express permission by Charles Hoffecker*)
Ronan P. Doherty
Georgia Bar No. 224885

791365.117

doherty@bmelaw.com
John H. Rains IV
Georgia Bar No. 556052
rains@bmelaw.com

THE HOFFECKER LAW GROUP, P.C.
945 E. Paces Ferry Road, NE
Suite 2250, Resurgens Plaza
Atlanta, Georgia  30326
(404) 885-7576 (telephone)
(404) 842-7222 (facsimile)

BONDURANT, MIXSON &
ELMORE, LLP
3900 One Atlantic Center
1201 W. Peachtree Street, NW
Atlanta, Georgia  30309
(404) 881-4100 (telephone)
(404) 881-4111 (facsimile)

*Attorney for Plaintiff*
Quint Measuring Systems, Inc.

*Attorneys for Defendants*
Home Depot, U.S.A., Inc.,
and William D. Bastek

*/s/ Kimberly L. Myers*
(*with express permission by Charles Hoffecker*)
Kimberly L. Myers
Ga. Bar No. 533257

ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 522-4700 (telephone)
(404) 525-2224 (facsimile)

*Attorney for Defendant*
James Ardell

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| QUINT MEASURING | : | |
| SYSTEMS, INC., | : | |
| | : | |
|    Plaintiff, | : | CIVIL ACTION |
| | : | FILE NO.  1:10-CV-01963-JOF |
| v. | : | |
| | : | |
| HOME DEPOT U.S.A., INC., | : | |
| WILLIAM D. BASTEK, AND | : | |
| JAMES ARDELL | : | |
| | : | |
|    Defendants. | : | |

## <u>SCHEDULING ORDER</u>

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____
_____
_____
_____

IT IS SO ORDERED, this _____ day of _____, 2010.


_____
HON. J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 1st day of August, 2010 a copy of **JOINT AMENDED**

**PRELIMINARY REPORT AND DISCOVERY PLAN** was electronically filed

with the Clerk of Court using the CM/ECF system which will automatically send

e-mail notification of such filing to opposing counsel as follows:

> Ronan P. Doherty, Esq.
> John H. Rains IV, Esq.
> BONDURANT, MIXSON & ELMORE, LLP
> 3900 One Atlantic Center
> 1201 W. Peachtree Street, NW
> Atlanta, Georgia  30309
>
> Kimberly L. Myers, Esq.
> ROGERS & HARDIN LLP
> 2700 International Tower
> Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, Georgia 30303

> /s/ Charles Hoffecker
> Charles Hoffecker
> Georgia Bar No. 359615
> *Attorney for Plaintiff*

791365.1