EXHIBIT

2



# SUPPLIER BUYING AGREEMENT

# UNITED STATES, PUERTO RICO, U.S. VIRGIN ISLANDS

## TERMS AND CONDITIONS

# The Home Depot

## Supplier Buying Agreement – Terms and Conditions

## 1.0    Introduction

1.1   This Home Depot Supplier Buying Agreement is an integrated agreement consisting of these Terms and Conditions ("Terms and Conditions"), the Supplier Reference Manual ("Supplier Reference Manual" or "Reference Manual") and those forms listed in Section 15 hereunder ("Forms") (collectively, the "Supplier Buying Agreement" or "Agreement").

1.2   Every Purchase Order ("Order"), whether written, faxed, or electronically transmitted to Supplier, is subject to all terms and conditions contained in this Supplier Buying Agreement (Supplier acknowledges and agrees that the Supplier Reference Manual may be amended from time to time by The Home Depot with prior notice to the Supplier), and shall apply to all purchases made by The Home Depot regardless of whether such purchases are for resale, redistribution or internal use. The meaning of the term "The Home Depot" or "Home Depot" shall vary depending upon the location of the store or facility for which the purchase order is issued. If the store or facility is located in the United States, "The Home Depot" or "Home Depot" shall mean Home Depot U.S.A. Inc., its successors, assigns and affiliates. If the store or facility is located in Puerto Rico, "The Home Depot" or "Home Depot" shall mean Home Depot Puerto Rico, Inc., its successors, assigns and affiliates. If the store or facility is located in the U.S. Virgin Islands, "The Home Depot" or "Home Depot" shall mean H.D.V.I. Holding Company, Inc., its successors, assigns and affiliates. The term "Supplier" means the Supplier designated on the Forms and any successor thereof. An Order is void unless issued by an authorized agent of The Home Depot.

## 2.0    Acceptance

2.1   Each Order shall be deemed satisfactory to and accepted by Supplier according to the Terms and Conditions contained herein if any shipment of merchandise is made or if signed by Supplier. The stating of additional or different terms or the furnishing by Supplier of additional documents shall modify the Order only if specifically agreed to in writing by an authorized agent of The Home Depot and shall not affect acceptance of the Order by Supplier. There shall be no changes or modifications to the Order unless expressly consented to in writing by an authorized agent of The Home Depot and Supplier.

2.2   Supplier will not reject an Order submitted by The Home Depot unless it has provided at least ninety (90) days prior written notice that it will not accept Orders after a specified date.

EXHIBIT 2 - 2

## 3.0  Title and Risk of Loss

3.1  All Orders will be designated FOB destination unless expressly agreed upon in writing by an authorized employee of The Home Depot.  Notwithstanding the incoterm used, no liability will be incurred by The Home Depot and risk of loss shall not pass to The Home Depot until legal title passes upon receipt and acceptance of the merchandise in good condition by The Home Depot at the designated final destination.

## 4.0  Price Changes

4.1  If there is any reduction in Supplier's regular selling price for the merchandise before shipment, Supplier agrees the price specified on the Order will be reduced to Supplier's regular selling price prevailing at the time of shipment of such merchandise. However, nothing herein contained shall permit an increase in the price specified on the Order unless approved in writing and signed by an authorized agent of The Home Depot.  A price increase approved by The Home Depot shall become effective 90 days after Supplier's receipt of such approval, unless otherwise agreed upon by The Home Depot in writing.

4.2  In no instance shall The Home Depot be liable to Supplier in excess of the actual Order price, less applicable discounts and/or other deductions, and no interest or other charges including, but not limited to, freight charges shall be recognized or paid by The Home Depot upon any such Order or resulting invoice, whether claimed by reason of late payment or otherwise.

4.3  Supplier agrees not to treat any competing retailer customer better than The Home Depot, and further agrees that The Home Depot will be afforded prices, warranties, benefits and other terms that are no less favorable than those offered to Supplier's competing retailer customers.

## 5.0  Warranties and Guarantees

5.1  Supplier agrees that The Home Depot shall not be liable for the inspection or packaging of merchandise before resale and that all warranties, representations and conditions, statutory, legal or otherwise and whether express or implied, shall survive inspection, installation, acceptance, and payment by The Home Depot and The Home Depot's customers.

5.2  Approval by The Home Depot of Supplier's designs, materials or packaging shall not relieve Supplier from any obligations under any warranties, representations, conditions or guarantees. Further, the Supplier warrants, represents and guarantees that the design, manufacture and packaging (including all warnings and disclaimers) of Supplier's merchandise complies with all applicable federal, state, provincial, and local laws, codes, ordinances, rules, regulations and requirements of the country of origin, the country of transit, or any applicable country or jurisdiction (collectively, the "Law" or the "Laws"). Merchandise delivered (whether paid for or not) is subject to inspection, testing, and approval by The Home Depot before acceptance. Supplier warrants that the delivered merchandise will be of good quality, material, and workmanship, merchantable, fit for its intended purpose, and free from any and all defects.

EXHIBIT 2 - 3

5.3. Supplier, by accepting the Order, warrants, represents, and guarantees the following:

a. That the price and other terms and conditions of sale, the terms on which all promotional and advertising matter are furnished by Supplier to The Home Depot, and all guarantees, warranties, labels, packaging, instructions, and warnings furnished in connection therewith, comply with all Laws;

b. That, if required by Law or legal precedent, the labels, packaging, instructions and warnings accompanying Supplier's merchandise are multilingual and/or contain universally accepted pictographs or symbols;

c. That Supplier, if necessary, will supply The Home Depot with any and all instructions, warnings or safety sheets for said merchandise as required by Law;

d. That the weights, measures, signs, legends, words, particulars, or descriptions, if any, stamped, printed, or otherwise attached to the merchandise or containers (including US required country of origin markings) or referring to the merchandise delivered hereunder are true and correct and comply with all Laws;

e. That all merchandise conforms and complies with all applicable Laws, including but not limited to the Consumer Product Safety Act; Magnuson – Moss Warranty – Federal Trade Commission Improvement Act; Fair Packaging and Labeling Act; Textile Fiber Products Identification Act; Flammable Fabrics Act; Wool Products Labeling Act; Federal Food, Drug, and Cosmetics Act; Federal Hazardous Substances Act; all Federal Trade Commission Rules and Regulations; and the standards of Underwriters Laboratories, Inc. (including all language requirements) or such other testing laboratory approved by The Home Depot. Supplier agrees to provide The Home Depot with a signed guaranty form with respect to the above warranties if prescribed by any Law as part of Supplier's invoice before payment is required to be made under the terms of the Order without loss of discount;

f. That the merchandise delivered pursuant to the Order does not infringe any actual or alleged patent, design, trade name, trademark, copyright, trade secret, or any right or entitlement of any third party;

g. That its primary manufacturing plants or any subcontracted plants do not use government assigned labor or forced labor or workers who are under the age of 14;

h. That all employees, agents or representatives of Supplier performing services for The Home Depot are in compliance with the Immigration Reform and Control Act of 1986 ("IRCA"), and Supplier will comply fully with the record keeping and other requirements of IRCA. The Home Depot is not responsible for sponsorship of any workers who perform services for it at the request of Supplier. Supplier will provide The Home Depot only workers for whom Supplier has confirmed legal eligibility to perform services as employees in the United States, and for whom all required record keeping under IRCA has been performed and maintained;

i. That the merchandise is not being sold under a quota basis, or if so, it has been properly disclosed to The Home Depot in writing;

EXHIBIT 2 - 4

j.   That it will comply with the Required Supplier Ethical Standards as specified in the Supplier Reference Manual; and

k.   That the merchandise is new and merchantable.

## 6.0   Indemnification and Product Liability

6.1   Supplier agrees that it shall indemnify, defend, and hold The Home Depot (which for the purpose of <u>Sections 6 and 7</u> shall include its parent, affiliates, subsidiaries, associates, directors, officers, employees, and agents) harmless against and from any and all claims, lawsuits, judgments, losses, Recalls, civil penalties or actions, costs, liabilities, damages, and expenses (including attorneys' fees) incurred or to be incurred, which may be made or brought against The Home Depot by any person, corporation, government, governmental agency, class, or any other entity whatsoever, arising or alleged to have arisen (a) out of the death of or injury to any person or damage to any property which resulted or is alleged to have resulted from any acts or omissions of Supplier, its employees and agents, contractors, subcontractors and/or any other persons for whose conduct it may be or is alleged to be legally responsible or from the merchandise or its use; (b) in connection with the failure or alleged failure of Supplier or any merchandise to fully comply with any warranties, guarantees, or representations of Supplier hereunder, or otherwise; (c) in connection with any promotional or advertising matter, fixtures, displays, guarantees, representations, warranties, labels, and/or instructions, verbal or otherwise, furnished by Supplier or submitted to Supplier by The Home Depot for approval; (d) out of any infringement of any patent, design, trade name, trademark, copyright,  trade secret, or any other right or entitlement of any third party; (e) out of any environmental, property and/or toxic tort claim, lawsuit, judgment, loss, civil penalty or action; and (f) from the failure of Supplier to comply with any applicable Law.  This agreement to indemnify, defend and hold The Home Depot harmless applies whether the claim or loss was alleged to have been caused in part by the negligence or fault of The Home Depot.

6.2   The Home Depot shall cooperate in the defense of any claim for which indemnification is sought under this paragraph.  Although Supplier shall have control of the defense of any action for which indemnification is sought, Supplier agrees to comply with the following requirements in connection with the conduct of the defense of any claim in which The Home Depot has been named a party: (a) Supplier shall use all reasonable efforts to promptly provide The Home Depot with copies of all discovery requests as soon as they are available to Supplier; (b) Supplier shall provide The Home Depot with copies of all pleadings prior to their filing and The Home Depot shall be given the opportunity to provide comments to any such pleadings; (c) Supplier shall choose defense counsel that is reasonably satisfactory to The Home Depot; (d) Supplier or its representatives will keep the Home Depot or its agents informed of all material information pertaining to a claim; (e) Supplier shall inform The Home Depot of the date of any mediation, arbitration, trial or settlement conference as soon as possible after it receives such information; and (f) Supplier shall inform The Home Depot of the outcome of any mediation, arbitration, motion, trial or settlement or any other matter from which appeal rights could arise.

6.3   Notwithstanding the above, The Home Depot shall have the right, but not the obligation, to participate as it deems necessary in the handling, adjustment, or defense of any claim. If The Home Depot reasonably determines that a defense or defenses are available to The Home Depot that are not available to Supplier and raising such defense or defenses would create a conflict of interest for the counsel

EXHIBIT 2 - 5

defending the claim, The Home Depot will be entitled to retain separate counsel for the purpose of raising these defenses at Supplier's expense.

6.4 Notwithstanding the above, Supplier shall not enter into any settlement or compromise of the claim that would result in the admission of any liability by The Home Depot, any financial liability on the part of The Home Depot, or would subject The Home Depot to injunctive relief without first obtaining The Home Depot's prior written consent.

6.5 Should Supplier fail to assume its obligations hereunder within 14 days, including its obligation to diligently pursue and pay for the defense of The Home Depot within a reasonable time, Supplier hereby agrees that The Home Depot shall have the right, but not the obligation, to proceed on The Home Depot's own behalf to so defend itself and to thereafter require from Supplier reimbursement and indemnification for any and all costs and expenses (including attorneys' fees) and for any indemnity paid by The Home Depot on behalf of Supplier in connection therewith.

6.6 Supplier's agreement to defend, indemnify and hold harmless The Home Depot under the terms of this Section 6 is independent of and in addition to Supplier's agreement to procure insurance as required in Section 7.  Supplier's insurer's position regarding insurance coverage for The Home Depot, as an additional insured, does not in any way modify or limit Supplier's agreement to defend and indemnify and hold harmless The Home Depot as required in this Section 6.

6.7 Upon request, Supplier shall provide The Home Depot with the name, address and telephone number of Supplier's employee, agent or other representative responsible for processing tenders of defense made pursuant to this Section 6.

## 7.0  Insurance

7.1 Supplier shall procure and maintain Commercial General Liability Insurance including Products Liability, Completed Operations and Contractual Liability coverage on an occurrence basis with limits of not less than the amounts specified on the Insurance Approval Request Form attached to this Supplier Buying Agreement for property damage and bodily injury or death. A Broad Form Supplier's Endorsement shall be maintained in said insurance policy with The Home Depot, its parent, affiliates and subsidiaries named as an additional insured, requiring that Supplier's insurance be the primary policy with respect to any loss. Supplier further agrees to forward a copy of this Supplier Buying Agreement to its insurer, and as a condition precedent to The Home Depot's obligations hereunder, to have delivered to The Home Depot by Supplier's insurer a current Certificate of Insurance, including renewals before the expiration of the then-current coverage, showing the coverage required by this provision as well as a copy of the Supplier's Broad Form Endorsement, evidencing The Home Depot's status as an additional insured. Supplier further agrees that upon notice of a claim against The Home Depot involving merchandise sold to The Home Depot that Supplier will immediately and without delay notify all insurance carriers which issued policies to Supplier naming The Home Depot, its parent, affiliates and subsidiaries as an additional insured of said claim. Thereafter, Supplier agrees to keep The Home Depot fully informed of all activity, including but not limited to providing The Home Depot with all correspondence, and action taken with regard to any claim by any insurance carrier. If Supplier is selling to Home Depot U.S.A., Inc., or H.D.V.I. Holding Company, Inc., all insurance must be written by a U.S. insurance company which is rated in the most recent edition of Best's Key Rating Guide (Property-

EXHIBIT 2 - 6

Casualty edition) or such other rating agency guide reasonably acceptable to The Home Depot as the equivalent of A-VIII or better. If Supplier is selling to Home Depot Puerto Rico, Inc., all insurance must be written by an insurance company authorized to engage in insurance business in Puerto Rico which is rated in the most recent edition of Best's Key Rating Guide (Property-Casualty International edition) or such other rating agency guide reasonably acceptable to The Home Depot as the equivalent of A-VIII or better. Additionally, Supplier and its insurer shall provide to The Home Depot 30 days prior written notice of non-renewal, cancellation or other change in coverage which may impair or otherwise affect The Home Depot's rights thereunder. The purchase of insurance and the furnishing of certificates as required herein shall not be in satisfaction of Supplier's obligations hereunder or in any way modify or limit Supplier's agreement to indemnify, defend, and hold The Home Depot harmless as required in Section 6 herein.

7.2    The provisions of Sections 6 and 7 herein shall be interpreted where possible in a manner to sustain their legality and enforceability.  The unenforceability of any provision of Sections 6 and 7 in a specific situation shall not affect the enforceability of these provisions in another situation.

## 8.0    Termination, Cancellation, and Returns

8.1    The Home Depot reserves the right to terminate or cancel any Order in whole or in part at any time before receipt of the merchandise without incurring any liability.

8.2    Notice of defects in the merchandise or of any other breach by Supplier under the terms of the Order will be considered made within a reasonable time, if promptly made after being discovered by The Home Depot or after notification is given to The Home Depot by its customers or the users of the merchandise. The return of such merchandise shall not relieve Supplier from liability for failure to ship conforming merchandise under the Order or for liability with respect to warranties or conditions, express or implied. Failure of The Home Depot to state a particular defect upon rejection shall not preclude The Home Depot from relying on unstated defects to justify rejection or establish breach. Resale, repackaging, repacking, or cutting up for the purpose of resale or for use shall not be considered as acceptance of the merchandise so as to bar The Home Depot's right to reject such merchandise or to revoke acceptance.

8.3    In addition to the terms set forth in Section 8.2 herein, Supplier authorizes The Home Depot to cancel any Order in whole or in part, reject merchandise, refuse to receive merchandise, or return all or part of merchandise, paying only for any part retained at the pro-rated Order rate and returning the balance at Supplier's expense without The Home Depot incurring any liability to Supplier if, in The Home Depot's reasonable opinion:

   a.   Supplier fails to comply with any of the terms or conditions of the Order;

   b.   Supplier breaches its express warranties, guarantees, or representations set forth in the Warranties and Guaranties Section contained herein;

   c.   Merchandise is defective in whole or in part or merchandise is not of merchantable quality or is otherwise not fit for the purposes sold;

   d.   Merchandise received is less than or in excess of the quantity, weight or volume provided for in the Order, or varies in any respect from the samples from which or specifications for which the Order was placed;

EXHIBIT 2 - 7

e.  Merchandise is received before or after the specified delivery dates and times;

f.  Supplier fails to comply with the shipping or invoicing instructions on the Order;

g.  A claim is made that the sale or offer of sale of said merchandise or the use of said merchandise by The Home Depot infringes or would infringe any alleged patent, design, trade name, trademark, copyright, trade secret, right or entitlement of any third party;

h.  Supplier files, voluntarily or involuntarily, a petition in bankruptcy under any bankruptcy law, becomes insolvent, makes any assignment or arrangement with or for the benefit of creditors, or has a receiver or person acting in a similar capacity appointed for it; or

i.  Discontinuance of or substantial interference with The Home Depot's business has occurred, in whole or in part, or with respect to the particular store, facility, location or department for which the Order is given by reason of fire, flood, storm, drought, hurricane, earthquake, war, strike, labor dispute, act of God, terrorism, embargo, civil commotion, governmental regulation, or any other cause beyond The Home Depot's reasonable control.

8.4  Acceptance of merchandise in the circumstances set forth in subsections (a) through (i) of Section 8.3 shall not bind or obligate The Home Depot to accept further deliveries on the Order. Acceptance in such circumstances shall not be construed as a waiver of The Home Depot's right to recover for Supplier's non-compliance with the Terms and Conditions in this Supplier Buying Agreement.

8.5  Cure of nonconforming tender may be made only with the express written consent of a duly authorized agent of The Home Depot.

8.6  Notwithstanding the absence of an exception notation on a freight receipt or any other term set forth in a freight receipt, bill of lading or other shipping document that may be executed upon the receipt of freight by The Home Depot, The Home Depot expressly retains its right to pursue a claim or charge-back with Supplier for shortage, damage or other defect of delivered freight that comes to The Home Depot's attention following the delivery of such freight.

## 9.0   Recall

9.1  In the event the Consumer Product Safety Commission or other federal, state or local agency (the "Commission") issues an order pursuant to any consumer protection law (hereinafter referred to as the "Act") requiring either The Home Depot or Supplier to recall, replace, repair or make refunds with respect to all or part of any merchandise (a "Recall"), Supplier shall do so at its expense (including without limitation, reimbursements to The Home Depot for its "out-of-pocket" expenses) in such reasonable manner as is determined by Supplier (but subject to The Home Depot's concurrence with respect to the manner, which shall not be unreasonably withheld) that will satisfy the requirements of the Act. Where both parties agree or where either party determines in its reasonable discretion that a Recall is warranted prior to or without regard to any proceeding or determination by the Commission, Supplier shall assume all costs and expenses of such Recall (including reimbursement to The Home Depot for its "out-of-pocket" expenses) and such Recall shall be effectuated in a manner agreed upon between Supplier and The Home Depot.  For purposes of this

Section, "out-of-pocket" expenses shall include any expense incurred by The Home Depot relating to the Recall, including, without limitation, merchandise handling expenses of at least $2,000 per store where merchandise subject to the Recall was sold plus any direct damages incurred as a result of the Recall.  In any event, Supplier shall accept return of all of The Home Depot's inventory involved in a Recall and Supplier shall refund to The Home Depot all monies paid for said inventory. In no event shall Supplier treat The Home Depot less favorably than any other customer in the event of a Recall or potential Recall. Nothing contained in this Section shall prevent The Home Depot from taking any actions as may be required of it under the Act and Supplier shall pay The Home Depot all costs and expenses incurred by The Home Depot in so doing.

## 10.   Intellectual Property

10.1 Supplier grants to The Home Depot and its affiliates the non-exclusive, worldwide, royalty-free right and license to use and display any product information, data, images, and/or intellectual property Supplier furnishes The Home Depot during the term of this Agreement (the "Supplier Content"). The Supplier Content shall be provided for use by The Home Depot in various marketing and in-store activities including, without limitation, for use in The Home Depot's Internet initiatives. Supplier acknowledges that The Home Depot is reliant upon Supplier to ensure that all Supplier Content is accurate and complete. Supplier agrees to revise, update, and resubmit Supplier Content promptly upon discovering it is inaccurate or incomplete.

    a.   The Home Depot agrees that it will not make modifications or alterations to Supplier's product specifications, images, intellectual property or product warranty information without prior written approval.

    b.   Except for the limited license granted to The Home Depot, Supplier retains all right, title and interest in and to the Supplier Content.

10.2 Supplier acknowledges and agrees that all patents, designs, trade names, trademarks, copyrights, trade secrets, or any other proprietary rights or entitlements ("Intellectual Property") owned or controlled by The Home Depot and/or its affiliates shall be the sole property of The Home Depot and/or its affiliates and that Supplier will assist The Home Depot, or its designee, in perfecting such Intellectual Property rights by promptly responding to The Home Depot's requests for samples, specimens, drawings and/or signed documents.

10.3 Supplier understands that, from time to time, The Home Depot and/or other persons acting on its behalf may provide Supplier with suggestions for new products or product improvements.  To the extent that Supplier desires to incorporate The Home Depot's suggestions, product improvements or Intellectual Property into any Product which it sells to The Home Depot or any third party, both Supplier and The Home Depot shall engage in good-faith negotiations for the licensing of any rights necessary to do so.  Further, in no event shall Supplier use such suggestions, product improvements or Intellectual Property without notifying The Home Depot and obtaining written approval for such uses.  Nothing contained herein shall limit the defense and indemnification obligations of Supplier under Sections 6 and 7 of this Agreement.

EXHIBIT 2 - 9

## 11.0  Computer Systems Access

11.1 From time to time, The Home Depot will provide access for its Suppliers to proprietary computer systems and technologies owned and operated by The Home Depot and/or its parent and affiliated companies to facilitate e-commerce and business-to-business (B2B) transactions (the "Systems"). The Systems are to be used only for the business purposes of The Home Depot.  The Home Depot may periodically monitor all uses of the Systems as allowed by Law.  Supplier's users shall have no expectation of privacy when using the Systems.  In order to receive such access, Supplier agrees to the following:

  a.  Supplier Responsibility.  Supplier will have or promptly create internal security policies that, at a minimum, comply with this Section and common industry standards and protect the integrity of the Systems.  The Systems must at all times be protected from unauthorized use, theft, misuse, accidental or unauthorized modification, disclosure, transfer or destruction.  Anyone who has been convicted of any felony, or a misdemeanor offense related to computers, theft, or information security, will not be allowed to serve as a Supplier Guardian Point of Contact ("SGPOC" – see "h" below) or authorized user for access to any Systems.  The Home Depot reserves the right to refuse Systems access to any individual convicted of any felony, or misdemeanor offense.

  b.  Grant of Limited Access.  The Home Depot hereby grants Supplier limited, non-transferable access to certain Systems as may be determined by The Home Depot from time to time in its sole discretion.  The Supplier accepts the liability of managing their users' access to the Systems as outlined in this document.   Each employee or agent of Supplier having access to the Systems will: (i) be assigned a separate User ID by Supplier and will use only that ID when logging on to the Systems; (ii) log off the Systems immediately upon completion of each session of service; (iii) not allow unauthorized individuals to access the Systems; (iv) keep strictly confidential the User ID and password and all other information that enables such access; (v) not reuse a compromised password (e.g. a password that has become known to anyone else at any time, including in an emergency); (vi) only utilize such access to perform its obligations to Home Depot; (vi) comply with Home Depot's encryption requirements or other service policies instituted by The Home Depot from time to time; (vii) not perform any unauthorized exploring or mining of the Systems; and (viii) only have access to the portion of the Systems necessary to perform the Supplier's obligations. Supplier is solely responsible for obtaining the hardware and software necessary to properly access the Systems.

  c.  Notification of Violations. If Supplier discovers or is notified of a breach or potential breach of security relating to any Systems Information, the Systems, or any applicable Law, the SGPOC will (i) promptly notify The Home Depot of such breach or potential breach and (ii) if the applicable Systems Information was in the possession of Supplier at the time of such breach or potential breach, Supplier, with Home Depot's consent, shall (1) investigate and use its commercially reasonable efforts to mitigate the effects of the breach or potential breach and (2) provide The Home Depot with assurance reasonably satisfactory to The Home Depot that such breach or potential breach will not recur.  No independent action to correct a security issue should be taken unless failure

EXHIBIT 2 - 10

to immediately respond will result in irreparable harm to Supplier or Home Depot.

d.   Viruses and Disabling Code.   Supplier will not introduce any viruses, time or logic bombs, Trojan horses, worms, timers, clocks, back doors, or other computer instructions, devices, or techniques that erase data or programming, infect, disrupt, damage, disable, or shut down the Systems or any component of the Systems, including, without limitation, its security or user data.  In the event a virus or similar item is found to have been introduced into the Systems by Supplier, Supplier shall, at its sole cost and expense, (i) report it immediately to the SGPOC who will in turn report it to The Home Depot, (ii) use commercially reasonable efforts to reduce or eliminate the effects of the virus or similar item, and (iii) if the virus or similar item causes a loss of operational efficiency or loss of data, mitigate and restore such losses.   Furthermore, Supplier employees may not transfer personal or data files or software to the Systems, including software that is in the public domain (e.g. shareware or freeware) as this may introduce a virus or other malicious code into the Systems.

e.   Ownership of Systems and Systems Information.   Except as otherwise expressly provided herein, The Home Depot retains all right, title and interest in and to the Systems and any data or information contained therein, including derivatives thereof ("Systems Information").

f.   Return of Information.   Upon termination of this Agreement or upon The Home Depot's request, Supplier will promptly return to The Home Depot all tangible items containing any Systems Information, including all copies, abstractions and compilations thereof, without retaining any copies of the items required to be returned.  Supplier will certify in writing that it has fulfilled its obligations under this Section following return of data or information to The Home Depot.

g.   Supplier's Employees Bound.   The obligations of this Agreement extend to the employees and approved agents or subcontractors of Supplier, and Supplier shall inform such persons of their obligations hereunder.   Supplier will inform all of its employees and approved agents or subcontractors with access to the Systems about the requirements set forth in the Reference Manual.

h.   SGPOC.   The role and responsibility of the SGPOC will be to manage Supplier's access to the Systems by granting and removing individual user access, and working with The Home Depot to resolve any Systems-related issues that may arise.

## 12.0  Confidentiality

12.1  Supplier acknowledges that performance under this Agreement will give Supplier and its employees and agents access to confidential, proprietary, and trade secret information of The Home Depot ("Confidential Information").   Supplier agrees that it will keep all Confidential Information in strict confidence and not disclose or use the Confidential Information other than to fulfill its obligations to The Home Depot. Supplier shall inform its employees and agents as to the confidential and proprietary nature of the Confidential Information to which they may be exposed and Supplier

EXHIBIT 2 - 11

shall take all necessary action to insure that said employees and agents keep Confidential Information strictly confidential.  "Confidential Information" shall mean all information disclosed to, made available to or obtained by Supplier in connection with this Agreement, and all material and reports prepared for The Home Depot hereunder, including all information (whether or not specifically labeled or identified as confidential), in any form or medium, that is disclosed to or learned by Supplier in the performance of the Agreement that relates to the business, products, services, research or development of The Home Depot or its suppliers, distributors, agents, representatives or customers. Confidential Information further includes, without limitation, the following:

a.   Internal business information (including information relating to strategic and staffing plans and practices, marketing, promotional and sales plans, practices and programs, training practices and programs, cost, rate and pricing structures and accounting and business methods);

b.   Identities of, individual requirements of, specific contractual arrangements with, and information about, The Home Depot's suppliers, distributors and customers and their confidential, proprietary or personal information;

c.   Compilations of data and analyses, processes, methods, techniques, systems, formulae, research, records, reports, client lists, manuals, documentation, models, data and data bases relating thereto;

d.   Computer software and technology (including operating systems, application software, interfaces, utilities, modifications, macros and their overall organization and interaction), program listing, documentation, data and data bases, and any User IDs and passwords The Home Depot provides Supplier for access to The Home Depot's internal systems; and

e.   Trade secrets, trade dress, ideas, inventions, designs, developments, devices, methods, processes and systems (whether or not patentable or copyrighted and whether or not reduced to practice or fixed in a tangible medium).

12.2  If Supplier receives a subpoena or other validly issued administrative or judicial process demanding Confidential Information, Supplier must promptly notify The Home Depot and tender to it the defense of that demand.  Unless the demand has been timely limited, quashed or extended, Supplier will thereafter be entitled to comply with such demand to the extent permitted by Law.  If requested by The Home Depot, Supplier will cooperate in the defense of a demand.

## 13.0  In-Store Services

13.1  In the event Supplier and/or its employees and agents provide those in-store services described in the Reference Manual ("In-Store Services") in any store, facility or other location owned or controlled by The Home Depot, Supplier agrees that the In-Store Services shall be performed and completed in a good and workmanlike manner with the skill and care to comply with all applicable Laws and all applicable rules and regulations of The Home Depot.  In addition to the indemnity obligations set forth in Section 6, Supplier shall be fully responsible for the acts or omissions of any employees or agents providing In-Store Services.  Supplier shall also have complete responsibility to communicate all necessary and legally required instructions, warnings or safety information regarding the Supplier's merchandise.

EXHIBIT 2 - 12

13.2 Supplier, its agents and subcontractors shall maintain Worker's Compensation Insurance for all of its employees performing the In-Store Services described in this Section to the full extent required by the Laws of the states in which such services are being performed.

## 14.0  Miscellaneous Provisions

14.1 Performance of the Order must be in accordance with all of the Terms and Conditions stated herein. There shall be no changes or modifications to the Order, unless consented to in writing and signed by an authorized agent of The Home Depot. Except as otherwise noted in the Order and except for any express or implied warranties, guarantees, or representations made by Supplier, and except for any supplemental agreements signed by Supplier and an authorized representative of The Home Depot, the Order represents the entire agreement of the parties. Both parties acknowledge that the Supplier Buying Agreement is a part of the Order.  No promise, guarantee or representation not contained in the written Order shall be of any effect unless otherwise agreed to in writing by The Home Depot, including obligations with respect to minimum purchases or exclusivity.

14.2 All costs and expenses, including but not limited to, attorneys' fees, incurred by The Home Depot due to Supplier's violations of or failure to follow any or all of the terms of the Order will be charged to Supplier. Supplier expressly agrees to reimburse The Home Depot for all such costs and expenses, and Supplier further agrees that, at The Home Depot's option, The Home Depot may deduct such costs and expenses from any sum then or thereafter owing to Supplier by The Home Depot.

14.3 Any and all taxes, fees, imposts, or stamps, required by state, federal, local governments, or any such governmental authority in the selling, transferring, or transmitting of merchandise to The Home Depot shall be paid and assumed by Supplier.

14.4 No provisions of the Order shall be waived or shall be construed to be waived by either party unless such waiver is in writing and signed by an authorized agent of the waiving party. No failure on the part of either party to exercise any of the rights and remedies granted hereunder or to insist upon strict compliance by the other party, and no acceptance of full or partial performance during the continuance of such breach, and no custom or practice of the parties at variance with the terms hereof, shall constitute a waiver of the right to demand exact compliance with the terms hereof. A waiver by either party of any specific default shall not affect nor impair the rights of said party with respect to any delay or omission to exercise any rights arising from any other default. Supplier hereby waives use of the Statute of Frauds as a defense to any Order accepted pursuant to this Agreement.

14.5 The Home Depot shall not be bound by any assignment of the Order by Supplier, unless The Home Depot has consented prior thereto in writing. The Home Depot may assign this Order to a present or future affiliated entity.

14.6 Disputes

    a.   Any dispute arising out of, relating to, or concerning the Terms and Conditions of this Supplier Buying Agreement or an Order shall, as a condition precedent to any arbitration or court proceeding, be mediated by the parties. The parties shall mutually agree upon a mediator, and shall schedule and conduct a mediation at a mutually convenient time and place. Each party shall bear its own costs, fees and expenses associated with such

EXHIBIT 2 - 13

mediation, except that the parties agree to split equally the costs and expenses of the mediator and the conduct of the mediation itself.

b.   Any dispute which is not resolved by mediation and which arises out of, relates to or concerns this Supplier Buying Agreement or an Order may, at the sole option of The Home Depot, be resolved by arbitration administered by the American Arbitration Association under its commercial arbitration rules, and judgement on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. All arbitration hearings shall be conducted in Atlanta, Georgia. Each party will bear its own costs, fees, and expenses associated with any arbitration, except that the parties agree to split equally the costs and expenses of the arbitrator or panel and the conduct of the arbitration itself.

c.   In the event The Home Depot does not elect to submit a dispute to arbitration, the parties agree that any civil action to decide such dispute shall be brought in either the US District Court for the Northern District of Georgia, Atlanta Division, or the Superior Court of Cobb County, Georgia.

d.   Notwithstanding any provision to the contrary, Supplier agrees to bring any claim or dispute against The Home Depot (including payment disputes) within one year after the occurrence of the event giving rise to such dispute.  All payment and invoicing disputes will be governed by the terms contained in the Account Reconciliation Section of the Reference Manual.

14.7   Time is of the essence of any Order.

14.8   The laws of the State of Georgia govern this Supplier Buying Agreement and all disputes arising out of or relating thereto.

14.9   These Terms and Conditions, together with the Supplier Reference Manual, all Forms, and any applicable exhibits represent the entire and integrated Agreement between the parties hereto and supercede all prior negotiations, representations or agreements, written or oral. No changes or modifications to the Terms and Conditions are permitted unless made in writing as an addendum hereto and signed by both parties.

14.10   To the extent Supplier is selected by The Home Depot to be a subcontractor under a United States Federal Government Contract valued in excess of $500,000 the parties will negotiate an amendment to this Supplier Buying Agreement to incorporate the applicable Federal Acquisition Regulations.

## 15.0  Forms – Requirements and Instructions

### Insurance Certificate

An Insurance Certificate Approval is required before submitting the Supplier Buying Agreement to the appropriate Home Depot Merchant.

### Supplier Buying Agreement Forms

A complete Supplier Buying Agreement Forms packet must be received, approved, and processed by a Home Depot Global Product Merchant in order to process payment. If

EXHIBIT 2 - 14

any area is incomplete, the document cannot be processed. If you complete the documents properly, you should not experience any delays in payment.

**IMPORTANT:** Be sure to retain the Reference Manual as well as a copy of the Forms for your records.

## Domestic Suppliers

> **Suppliers selling to:**
> - **Intra U.S.**
> - **Intra Puerto Rico**
> - **Intra U.S. Virgin Islands**
> - **U.S. to Puerto Rico and/or U.S. Virgin Islands**
> - **Puerto Rico to U.S. Virgin Islands**

### Required Forms
In addition to the Insurance Certificate Approval, the following are required Forms to be submitted to the Home Depot Global Product Merchant.

☐ Insurance Approval Request Form (with The Home Depot Insurance Requirements Chart)

☐ Corporate Form

☐ Contact Form

☐ Remittance Verification (along with a Sample Invoice from your company)

☐ Logistics Information

☐ Environmental Wood Data Form

☐ Special Order Merchandise Corporate Form (Only if supplying Special Order product)

☐ Freight Addendum (if shipping to Puerto Rico, U.S. Virgin Islands, Alaska or Hawaii)

☐ W-9 Form

### Additional (Non-Required) Forms
These forms are included for submitting changes in the future (all changes must be expressly approved in writing by an authorized agent of Home Depot USA, Inc.)

☐ Corporate Change Form
☐ Special Order Merchandise Corporate Change Form

### These forms are available through your Home Depot Global Product Merchant

☐ Volume Rebate Agreement Form
☐ Advertising/Marketing Agreement Form

EXHIBIT 2 - 15

**Import Suppliers**

---

**Suppliers based outside of U.S. and Puerto Rico and selling to:**
- **U.S.**
- **Puerto Rico**
- **U.S. Virgin Islands**

---

**Required Forms**

In addition to the Insurance Certificate Approval, the following are required Forms to be submitted to the Home Depot Global Product Merchant.

☐   Insurance Approval Request Form

☐   Import Corporate Form

☐   Import Contact Form

☐   Environmental Wood Data Form

☐   Ozone-Depleting Chemical Certificate

☐   Supplier Factory Certification

**These Forms are available from your Home Depot Global Product Merchant**

☐   Volume Rebate Agreement Form

☐   Advertising/Marketing Agreement Form

---

EXHIBIT 2 - 16